IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Branch Banking and Trust Company, | ) | C/A No.: 0:12-cv-1941-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Robert K. Whitlock II, Robert M. Whitlock, | ) | |
| and John M. Rimer, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on a Motion for Summary Judgment filed by Plaintiff Branch Banking and Trust Company ("BB&T"). BB&T brought this action seeking payment on a Promissory Note ("the Note") first executed by the Defendants on October 26, 2007. Defendants have not responded to the motion. Finding that there is no genuine issue of material fact as to the matters raised in the Complaint and that BB&T is entitled to judgment as a matter of law, the court hereby grants Plaintiff's motion,.

The record in this matter simplifies the court's analysis of the undisputed facts, as the execution and delivery of the Note is admitted in the Defendants' Responses to Requests to Admit (ECF No. 32-7); the default is established in the record and not contested, and the amounts due as of a given date are further established through admissions. The only fact not admitted is the default itself, which apparently is not contested. Based on the record, the court makes the following findings of fact and conclusions of law:

1.    On October 26, 2007, the defendants, Robert K. Whitlock, II, Robert M. Whitlock, and John M. Rimer gave and delivered to BB&T a Promissory

Note in the original principal sum of $176,625.00 with interest at a variable rate as provided therein.

2.    Thereafter the Note was modified on October 13, 2009 by the execution and delivery of a Note Modification Agreement.

3.    Thereafter the Note was modified on May 19, 2011 by the execution of a Note Modification Agreement.

4.    The May 19, 2011 Note Modification Agreement included the Prepayment Addendum, which is attached thereto, provided for an interest only period from May 19, 2011 through December 19, 2011 and, thereafter for 35 monthly payments of principal and interest of $1,797.67 per month with a final maturity of November 19, 2014.

5.    The Defendants failed to make the first principal and interest payment of $1,797.67 on or before December 19, 2011 and have failed to make any payments since that date.

6.    Subsequent to the default, BB&T accelerated the Note and, on or about March 30, 2012 referred the matter to counsel for the purpose of filing suit.

7.    As of January 8, 2013, the amounts due under the Note are:

| Principal | $163,150.00 |
|---|---|
| Interest through 1/8/2013 | $14,378.77 |
| Accrued late charges | $359.52 |
| Pre-payment penalty per the prepayment fee addendum to the Note dated May 19, 2011 (and made a part of the Note Modification Agreement of that same date) | $1,631.50 |
| | $179,519.79 |

8.    The Note contains the following language:

> If this Note is placed with an attorney for collection, the undersigned agrees to pay, in addition to principal and interest, all costs of collection, including reasonable attorneys' fees which the undersigned agrees shall be equal to 15% of the principal and interest outstanding at the time of acceleration or other action by Lender to collect the sums due hereunder, unless the actual attorneys' fees incurred, based upon Bank's counsel's normal hourly fees chargeable to Bank, shall be greater than 15% of principal and interest, in which case such billed amount based on such hourly rate shall be the attorneys' fee payable hereunder.

9.    The principal and interest outstanding under the Note as of March 30, 2012, the date of the preparation of the Complaint in this matter, was $166,589.79.

10.   As a result, under the provisions of the Note, the Defendants are liable under the Note for the additional sum of $24,988.47 (15% of the principal and interest due as of the preparation of this action) as attorneys' fees.

11.   "With regard to [] notes which provide for attorneys' fees at a specific rate in the event collection becomes necessary, it is a well-established principle of law that where there is a contract providing for such, the amount of attorneys' fees is governed by the contract." *Dedes v. Strickland*, 414 S.E.2d 134, 137 (S.C. 1992). Thus, this court need not consider whether the attorneys' fees are reasonable.

12.   The Note provides that interest shall accrue on the principal valance after default at the prime rate of BB&T plus 5%. As of January 8, 2013, the prime rate of BB&T is 3.25%, making the accruing interest under the Note, which is the subject of this action, 8.25% or $37.39 per day, which

amount should be added to the total for each day subsequent to January 8, 2013. The accrued interest from January 8, 2013 until the date of this order, April 1, 2013, amounts to $3,103.37 according to the court's calculations.

13. Including the amounts for attorneys' fees and for interest as set forth above, the amounts sought under the Note which is the subject of this action are:

| | |
|---|---|
| Principal | $163,150.00 |
| Interest through 4/1/2013 | $17,482.14 |
| Accrued late charges | $359.52 |
| Pre-payment penalty per the prepayment fee addendum to the Note dated May 19, 2011 (and made a part of the Note Modification Agreement of that same date) | $1,631.50 |
| Attorneys' fees per Note | $24,988.47 |
| Total | $207,611.63 |

In accordance with the foregoing findings of fact and conclusions of law, this court hereby grants Plaintiff's Motion for Summary Judgment (ECF No. 32). The court hereby orders judgment against the Defendants, jointly and severally, on the Note in the amount of $207,611.63 plus post-judgment interest, which is to be calculated based on the federal rate. In light of this court's decision with respect to the summary judgment motion, the court further finds Defendants' Motion to Withdraw as Attorney (ECF No. 37) to be moot.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

April 1, 2013                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge